FILED
MISSOULA, MT

2007 APR 30 AM 8 51

PATRICK E. DUFFY
BY _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| JAMES RALPH HENDERSHOT, III,<br><br>Plaintiff,<br><br>vs.<br><br>RAVALLI COUNTY, and<br>CITY OF HAMILTON,<br><br>Defendants. | CAUSE NO. CV 07-44-M-DWM-JCL<br><br>FINDINGS AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE |

This matter comes before the Court on the Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983. The Plaintiff is proceeding *pro se* in this case, and the Court has granted him leave to proceed *in forma pauperis*.

## I.   PRELIMINARY SCREENING

Pursuant to the federal statutes governing proceedings *in forma pauperis* and proceedings by prisoners, federal courts must engage in a preliminary screening of cases to assess the merits of the claims. 28 U.S.C. §§ 1915(e)(2), 1915A(a); 42 U.S.C. § 1997e(c)(1); *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). The court must identify cognizable claims, or dismiss

FINDINGS & RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 1

the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, or if the complaint seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

Although the statutes require a dismissal for the reasons stated, they do not deprive the district court of its discretion to grant or deny leave to amend. *Lopez*, 203 F.3d at 1127. The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). However, leave to amend is liberally granted to *pro se* litigants (*Lopez*, at 1131), and *pro se* pleadings are liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II. **PLAINTIFF'S ALLEGATIONS**

On December 9, 2003, the Plaintiff James Hendershot was convicted of felony aggravated assault, felony assault with a weapon, and misdemeanor partner or family member assault in the Montana Twenty-First Judicial District Court, Ravalli County. Plaintiff appealed his conviction to the Montana Supreme Court on various grounds.

On appeal, the Montana Supreme Court found that the dispositive issue Plaintiff raised was whether the District Court

FINDINGS & RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 2

abused its discretion in refusing Plaintiff's request for substitution of counsel prior to trial. The Montana Supreme Court detailed the history of the relationship between Plaintiff and his counsel, and it found there were various deficiencies in counsel's performance in Plaintiff's related criminal revocation proceedings which caused a further breakdown in the relationship between Plaintiff and his counsel. The court found there existed sufficient evidence of irreparable or irreconcilable differences between Plaintiff and his counsel warranting the substitution of counsel. Therefore, the court concluded the District Court abused its discretion in denying Plaintiff's request for substitution of counsel. *State v. Hendershot*, 2007 MT 49, ¶ 30, 336 Mont. 164, ¶ 30, 153 P.3d 619, ¶ 30. The court reversed the District Court's judgment of conviction and remanded the matter to the District Court for further proceedings.

Plaintiff filed his Complaint in this case following the Montana Supreme Court's decision reversing his conviction. Plaintiff alleges the Montana Twenty-First Judicial District Court, Ravalli County violated his Constitutional rights when it improperly denied his request for substitution of counsel as found by the Montana Supreme Court. Plaintiff states the District Court's violation of his rights led to his conviction, and caused him various damages as detailed in his Complaint. Plaintiff requests compensatory relief for his alleged damages.

FINDINGS & RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 3

## III. DISCUSSION

Having reviewed the Complaint, the Court finds it suffers from various defects which subject it to dismissal under 28 U.S.C. § 1915(e)(2) as discussed above. Specifically, Plaintiff cannot obtain monetary relief because absolute judicial immunity bars any liability for the District Court Judge's conduct, and under the circumstances of this case Plaintiff cannot state a claim for relief against the Defendants named in the caption of his Complaint, i.e. Ravalli County, and the City of Hamilton.

In any § 1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986).

As described above, the substance of Plaintiff's Complaint alleges the District Court Judge violated his constitutional rights when the Judge denied his request for substitution of counsel. The law is clear, however, that judges are absolutely immune from liability for their judicial acts. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Butz v. Economou*, 438 U.S. 478, 511-512

FINDINGS & RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 4

(1978). To determine whether a judicial act occurred, the court looks to the particular act's relation to the general functions normally performed by a judge. *Mireles*, 502 U.S. at 13. In the present case, Plaintiff requested that the District Court Judge substitute his counsel due to the irreconcilable differences, but the District Court Judge denied the motion. The Judge's ruling on the motion is part of the general functions normally performed by a judge, thereby entitling him to absolute judicial immunity from liability.

While there are exceptions to judicial immunity, neither of the two exceptions are applicable in this case. The first exception applies to actions by a judge which are not taken in a judge's judicial capacity. *Mireles*, at 11. The second is where a judge's actions are taken in clear absence of all jurisdiction. *Id.* at 12. Neither of the exceptions applies in the present case because the District Judge was acting in his judicial capacity in a criminal matter over which the District Court had jurisdiction.

Consequently, the District Court Judge is immune from liability with respect to the claim advanced by the Plaintiff. The Court further finds there are other facts Plaintiff could possibly allege which would suggest judicial immunity does not apply in this case. Therefore, Plaintiff's claim should be dismissed.

FINDINGS & RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 5

The Court notes the Plaintiff has named Ravalli County and the City of Hamilton as Defendants in the caption of his Complaint. The Complaint, however, does not set forth any allegations suggesting that either Ravalli County or the City of Hamilton committed any act or omission which would make these entities liable under 42 U.S.C. § 1983 for any of the events pertaining to Plaintiff's criminal prosecution.

A complaint must set forth the specific facts upon which a plaintiff relies in claiming the liability of each defendant. Fed. R. Civ. P. Rule 8(a)(2). Even a liberal interpretation of a *pro se* civil rights complaint may not supply essential elements of a claim that the plaintiff failed to plead. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). To establish liability pursuant to § 1983, a plaintiff must set forth facts demonstrating how each defendant caused or personally participated in causing a deprivation of the plaintiff's protected rights. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff's allegations against Ravalli County and the City of Hamilton are very limited. The Plaintiff alleges the violations of his constitutional rights were "caused by the District Court of the City of Hamilton, Ravalli County, State of Montana." (Compl., Attachment 1, p. 1.) The balance of Plaintiff's Complaint alleges the District Court violated his

FINDINGS & RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 6

rights. Therefore, liberally construed, it appears Plaintiff seeks to hold Ravalli County and the City of Hamilton liable for the conduct of the District Court Judge. For the reasons stated below the Plaintiff's theory of liability does not state a claim for relief.

The most that can be said of Plaintiff's allegations against Ravalli County and the City of Hamilton is that they attempt to hold those entities liable for the conduct of the District Court Judge under the doctrine of *respondeat superior.* However, a municipality or other local governmental entity cannot be held liable under § 1983 on a *respondeat superior* theory. *Board of County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 403 (1997).

Additionally, the Montana Twenty-First Judicial District Court, Ravalli County is not an arm of either Ravalli County or the City of Hamilton. Rather, the District Court is an arm of the State of Montana. "The judicial power of the **state** is vested in one supreme court, [and the] district courts[.]" Mont. Const. art. VII, § 1 (emphasis added). The Montana Twenty-First Judicial District Court is a district court of the State of Montana. Mont. Code Ann. § 3-5-101(21).

Even if the Court were to construe Plaintiff's allegations against the District Court as asserting liability against the State of Montana Plaintiff still could not state a claim for

FINDINGS & RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 7

relief under § 1983. Neither the State of Montana nor its agencies are "persons" within the meaning of § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

For the reasons stated above the Plaintiff cannot state a claim for relief against Ravalli County or the City of Hamilton. The Court further finds the Plaintiff could not possibly cure this defect in his Complaint by alleging other facts. Plaintiff's claims against these Defendants should be dismissed.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

Plaintiff's Complaint should be **DISMISSED.**

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to these findings must be filed with the Clerk of Court and copies served on opposing counsel within twenty (20) days after receipt hereof, or objection is waived.

DATED this 20th day of April, 2007.

*Jeremiah C. Lynch*
Jeremiah C. Lynch
United States Magistrate Judge