FILED
MISSOULA, MT

2007 JUL 10 PM 4 39

PATRICK E. DUFFY
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JAMES RALPH HENDERSHOT, III, | CV 07-44-M-DWM |
| Plaintiff, | |
| vs. | ORDER |
| RAVALLI COUNTY, and CITY OF HAMILTON, | |
| Defendants. | |

United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendation in this matter on April 30, 2007. On May 31, 2007, the Court granted Plaintiff a twenty-day extension of time to file objections.[1] Plaintiff did not file objections within the allotted time period. Therefore, the Findings and Recommendation will be reviewed for clear error. 28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.,

---

[1] The Court's May 31, 2007 Order was mailed to Plaintiff and returned to the Court as undeliverable. The Notice of Case Opening sent to Plaintiff on April 11, 2007 informed Plaintiff, "[y]ou must immediately inform the Clerk of Court of any change in your address. Failure to do so may result in dismissal of your case without notice to you."

656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

Plaintiff's Complaint alleges the Montana Twenty-First Judicial District Court, Ravalli County violated Plaintiff's constitutional rights when it improperly denied his request for substitution of counsel. Plaintiff's Complaint also names Ravalli County and the City of Hamilton as defendants. Judge Lynch determined Plaintiff's Complaint should be dismissed because liability for the District Court Judge's denial of Plaintiff's motion for substitution of counsel, a judicial act, is barred by absolute judicial immunity. Mireles v. Waco, 502 U.S. 9, 9 (1991). Moreover, Judge Lynch concluded Plaintiff failed to set forth any allegations in his Complaint suggesting that Ravalli County or the City of Hamilton committed any act or omission which would make it liable under 42 U.S.C. § 1983 for any of the events pertaining to Plaintiff's criminal prosecution. These findings and conclusions are not clearly erroneous. Accordingly,

IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation are adopted in full, except that the second sentence from the bottom of page 5 should read "The Court further finds there are no other facts Plaintiff could possibly allege

which would suggest judicial immunity does not apply in this case." Plaintiff's Complaint is DISMISSED.

The Clerk of Court is directed to close this case.

Dated this 10 day of July, 2007.

                              Donald W. Molloy, Chief Judge
                              United States District Court